**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HECTOR D. FERRER, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>THOMAS J. LEAHY, *et al.*,<br><br>        Defendants. | Civil Action No.: 20-3901 (ES) (JRA)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court are three submissions of *pro se* Plaintiff Hector D. Ferrer, all of which seek recusal of the judicial officers assigned to this case. The submissions include Plaintiff's (i) motion seeking recusal (D.E. No. 49-3 ("Recusal Motion" or "Rec. Mot.")); (ii) amended motion seeking recusal (D.E. No. 50-5 ("Amended Recusal Motion" or "Am. Rec. Mot")); and (iii) first amended motion seeking recusal (D.E. No. 54 ("First Amended Recusal Motion" or "First Am. Rec. Mot.")) of the Undersigned and the Honorable Judge Almonte, U.S.M.J., pursuant to 28 U.S.C. §§ 144 and 455. The Court has considered Plaintiff's submissions and decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, the Court **DENIES** Plaintiff's motions.

### I.    BACKGROUND

#### A.    Factual Allegations and Procedural History

This case arises from an alleged physical altercation on April 5, 2018, between Plaintiff Hector D. Ferrer and Defendant Leahy, a security guard employed by Allied Universal Security Services, LLC ("Allied Universal") that took place at the New Jersey Department of Child

1

Protection and Permanency ("DCPP"). (D.E. No. 38-3 ("Second Amended Complaint" or "SAC") at 38–40). Ferrer alleges that the altercation ensued after he and a purported process server attempted to serve individuals at DCPP in connection with a separate lawsuit brought by Ferrer. (*Id.* at 38–48). Ferrer claims that, after the altercation, Leahy made false reports to law enforcement in an attempt to punish him. (*Id.* at 55–58). Ferrer also claims that, in the days following the altercation, he submitted requests under New Jersey's Open Public Records Act ("OPRA"), seeking, among other things, an investigation into Leahy's conduct. (*Id.* at 60–63). According to the Second Amended Complaint, Leahy and others refused to comply with and conspired to obstruct his OPRA requests and other requests for information. (*See id.* at 25–33 & 63–77).

Plaintiff Hector Ferrer initiated this action on April 9, 2020, on behalf of himself and his son against Defendants Leahy, Jones, Allied Universal, and Beyer. (D.E. No. 1). On May 21, 2021, the Court dismissed Plaintiff's complaint without prejudice for failing to state a claim upon which relief could be granted. (D.E. No. 4). On June 11, 2021, Plaintiff filed an amended complaint. (D.E. No. 6). On July 28, 2022, Plaintiff filed the Second Amended Complaint. (SAC).[1] On August 22, 2022, Plaintiff then filed a Supplement to the Second Amended Complaint. (D.E. No. 49-15). On August 12, 2022, because Plaintiff is proceeding *in forma pauperis* ("IFP"), the Court stayed this matter pending the Court's screening of the Second Amended Complaint and Supplement to the Second Amended Complaint. (D.E. No. 42).

---

[1] The Second Amended Complaint and Supplement to the Second Amended Complaint list Plaintiff and his son, David Ferrer, as the plaintiffs. (*See* D.E. No. 38-3 at 1; D.E. No. 49-15 at 1). Plaintiff should note that this Court does not allow a non-lawyer to act as an advocate for a party because doing so constitutes the unauthorized practice of law. *P.R. v. Bridgeton Bd. of Educ.*, No. 05-0042, 2006 WL 231665, at *3 (D.N.J. Jan. 31, 2006) (citing L. Civ. R. 101.1). Accordingly, the Court construes the allegations in the Second Amended Complaint and Supplement to the Second Amended Complaint as made on behalf of Plaintiff Hector D. Ferrer only.

On June 17, 2022, Plaintiff filed a series of documents, one of which requested that Judge Almonte submit a "Conflict of Interest Disclosure Form," apparently due to His Honor's history working at the U.S. Attorney's Office.  (D.E. No. 32-3 at 2–3).  Judge Almonte construed Plaintiff's request as a motion for recusal and denied Plaintiff's motion, emphasizing that "a judge's prior government position" cannot "reasonably be deemed to be a basis to question [the judge's] ability to rule impartially."  (D.E. No. 37 at 2–3 (quoting *Jaye v. Oak Knoll Vill. Condo. Owners Ass'n*, No. 15-8324, 2016 WL 6471027, at *4 (D.N.J. Oct. 31, 2016))).

On June 17, 2022, Plaintiff also filed a document requesting that the Undersigned sign an "Affidavit of Truth" certifying that the Undersigned has (i) complied fully with her oath, (ii) complied fully with the Federal Rules of Civil Procedure, (iii) not engaged in fraud upon the court, and (iv) reported fraud upon the court to appropriate authorities.  (D.E. 32-2 ("Affidavit of Truth") at 1–4).  On August 16, 2022, the Court issued an order declining the request due to Plaintiff's lack of entitlement to compel the Undersigned to sign such an affidavit.  (*See* D.E. No. 44.).

On August 22, 2022, while the case was stayed, Plaintiff filed the Recusal Motion seeking recusal of the Undersigned and Judge Almonte pursuant to 28 U.S.C. §§ 144 and 455.  (Rec. Mot.). First, Plaintiff moves to recuse the Undersigned because Her Honor (i) declined to sign Plaintiff's Affidavit of Truth; (ii) waited two months before declining to sign Plaintiff's Affidavit of Truth, allegedly in retaliation for Plaintiff requesting a Conference with the Clerk of Court to discuss the Clerk's Office alleged impropriety in handling Plaintiff's filings; (iii) declined to hold a conference so Plaintiff could report fraud and allegedly demonstrated an intimidating posture "indicating that the case would be dismissed"; (iv) declined to enter default against "the State Defendant"; (v) allegedly entered decisions without first considering Plaintiff's filings that were not entered on the docket; (vi) allegedly did not authorize the Clerk's office to post various of Plaintiff's filings on

3

the docket; and (vii) allegedly conspired with "[a]ll Counsel of record" to "silence and obstruct" Plaintiff's attempts to expose fraud. (*Id.* at 13–20). Second, Plaintiff moves to recuse Judge Almonte because His Honor (i) failed to submit a "Conflict of Interest Disclosure Form" regarding His Honor's prior employment with the U.S. Attorney's Office of New Jersey, (ii) denied Plaintiff's urgent request for a conference, and (iii) conspired with "Counsel of record" to prevent Plaintiff from exposing "misconduct" and "corruption." (*Id.* at 20–23).

On August 31, 2022, Plaintiff filed the Amended Recusal Motion seeking recusal of the Undersigned and Judge Almonte pursuant to 28 U.S.C. §§ 144 and 455.[2] (Am. Rec. Mot.). Though largely identical to Plaintiff's Recusal Motion, Plaintiff adds that after he filed his Recusal Motion, he filed another "[r]evised" motion for recusal which, as of the date of this filing, was not posted on the public docket. (*Id.* at 25). According to Plaintiff, these facts (i) support "a pattern and practice" by the Undersigned and Judge Almonte to prevent Plaintiff from exposing fraud and (ii) show that the Undersigned and Judge Almonte directed the Clerk of Court to engage in impermissible conduct. (*Id.* at 26–27).

On September 18, 2022, Plaintiff filed the First Amended Recusal Motion seeking recusal of the Undersigned and Judge Almonte. (First Am. Rec. Mot.). Specifically, Plaintiff requests that the Court consider three additional letters, corresponding to Docket Entries 51, 52, and 53, when rendering a decision on Plaintiff's Recusal Motion and Amended Recusal Motion. (*Id.* at 2). First, Plaintiff points to a letter dated September 12, 2022, addressed to Chief Judge Wolfson

---

[2] 28 U.S.C. § 144 requires that a party file (i) a timely and sufficient affidavit and (ii) a certificate of counsel of record stating that the Affidavit is made in good faith. 28 U.S.C. § 144. The Court finds that Plaintiff's Recusal Motion and Amended Recusal Motion are procedurally proper because they are stylized as affidavits for recusal and are accompanied by a "Good Faith" certificate. (D.E. No. 49-2; Rec. Mot. at 1; Am. Rec. Mot. at 1 & 28). Further, the Court finds that the Recusal Motion and Amended Recusal Motion are timely since it has not yet screened Plaintiff's Second Amended Complaint and Supplement to the Second Amended Complaint. *Jackson Hewitt, Inc. v. Nat'l Tax Network, LLC.,* No. 10–5108, 2012 WL 1495441, at *2 (D.N.J. Apr. 27, 2012) (An affidavit is "timely" only if it is filed "before the Court has reached the merits of an issue.") (citation omitted).

and "Court Officials," where Plaintiff sought guidance on where to file a complaint against Chief Judge Wolfson, the Undersigned, Judge Almonte, and Clerk of Court William T. Walsh, pursuant to 28 U.S.C. § 351(a).[3]  (D.E. No. 51 at 2).  Second, Plaintiff points to a letter dated September 15, 2022, addressed to Chief Judge Wolfson and "Court Officials," requesting Chief Judge Wolfson's direct guidance on where to file a complaint against Chief Judge Wolfson, the Undersigned, Judge Almonte, and Clerk of Court William T. Walsh, pursuant to 28 U.S.C. § 351(a) after the Clerk of Court provided Plaintiff with a link to the Third Circuit website in response to the same request. (D.E. No. 52 at 2).  Third, Plaintiff points to his September 16, 2022 letter to Chief Judge Wolfson and "Court Officials" stating that the Clerk of Court advised him that it would be inappropriate for a Judge to communicate with him directly regarding where to file a complaint pursuant to 28 U.S.C. § 351(a).  (D.E. No. 53 at 2; D.E. No. 53-1 at 1).  Plaintiff demands the name of the official who authorized the Clerk of Court to send him said response.  (D.E. No. 53 at 3).  Finally, Plaintiff requests "leave to file a comprehensive Motion to Recuse" in the event that the Court deny the instant requests for recusal.  (First Am. Rec. Mot. at 2).

On August 12, 2022, the Court stayed this matter pending the Court's rescreening of the Second Amended Complaint and Supplement to the Second Amended Complaint.  (D.E. No. 42). Because the Court is prepared to screen the Second Amended Complaint and Supplement to the Second Amended Complaint in an Opinion to follow, the stay is hereby lifted.  The Court will now address each of Plaintiff's three submissions before the Court in turn.

---

[3]  28 U.S.C. § 351(a) reads in relevant part, "[a]ny person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, or alleging that such judge is unable to discharge all the duties of office by reason of mental or physical disability, may file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct." 28 U.S.C. § 351(a).

## II. LEGAL STANDARD

Pursuant to § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. "The mere filing of an affidavit of bias pursuant to 28 U.S.C. § 144 does not require a trial judge to disqualify [her]self from a particular case." *United States v. Dansker*, 537 F.2d 40, 53 (3d Cir. 1976). "Indeed, if the affidavit submitted is legally insufficient to compel [her] disqualification," it is the judge's duty to preside. *Id*. A "substantial burden is imposed on the party [seeking recusal under § 144] to demonstrate that the judge is not impartial." *Frolow v. Wilson Sporting Goods Co.*, No. 05-4813, 2011 WL 1337513, at *2 (D.N.J. Apr. 7, 2011) (citation omitted). "The court must accept all facts alleged in the affidavit as true, but need not accept the moving party's conclusions, conjecture, speculation or surmises." *Obado v. United States*, No. 17-1943, 2021 WL 493263, at *1 (D.N.J. Feb. 9, 2021) (citation omitted). Accordingly, "a trial judge need only recuse [her]self if [s]he determines that the facts alleged in the affidavit, taken as true, are such that they would convince a reasonable [person] that [she] harbored a personal, as opposed to a judicial, bias against the movant." *Dansker*, 537 F.2d at 53.

Akin to § 144, recusal under § 455(a) is appropriate when "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 329 (3d Cir.

2015) (quoting *United States v. Bergrin*, 682 F.3d 261, 282 (3d Cir.2012)). Section 455(b)(1) provides for recusal where a judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[4]  28 U.S.C. § 455(b)(1). "Thus, these statutory provisions provide that there are two reasons for granting a motion for recusal: [i] the judge has a personal bias or prejudice towards a party, *see* 28 U.S.C. § 144, 455(b)(1); or [ii] the judge's impartiality might reasonably be questioned, *see* 28 U.S.C. § 455(a)." *Thompson v. Eva's Village & Sheltering Program*, No. 04-2548, 2005 WL 2474930, at *1 (D.N.J. Oct. 5, 2005).

As to the substantive aspect of § 144 and § 455, "[i]f a party claims that a judge should recuse because of personal bias, prejudice, or lack of impartiality toward that party, he generally must show that such bias or prejudice is grounded in extrajudicial sources, such as personal animus, rather than judicial actions that can be corrected on appeal." *Thompson*, 2005 WL 2474930, at *2 (citing *Smith v. Danyo,* 585 F.2d 83, 87 (3d Cir.1978)); *see also United States v. Sciarra*, 851 F.2d 621, 635 (3d Cir. 1988) (finding that Section 455(a) "requires only the objective appearance of bias [and] subsection (b)(1) requires bias-in-fact"). Extrajudicial bias is "not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings." *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980).  Without extrajudicial bias, "a party seeking recusal must show that a judge has a 'deep-seated and unequivocal antagonism that would render fair judgment impossible.'" *Thompson*, 2005 WL 2474930, at *2 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

---

[4]  The Court construes Plaintiff's motions as brought under § 455, subparts (a) and (b)(1) only.  (*See* Rec. Mot. at 6; Am. Rec. Mot. at 8).

7

### III. DISCUSSION

#### A. Recusal of the Undersigned

Plaintiff fails to demonstrate that the Undersigned either lacks impartiality, has a personal bias or prejudice against him derived from extrajudicial sources, or harbors a deep-seated antagonism that renders fair judgment impossible. First, Plaintiff moves to recuse the Undersigned because she declined to sign Plaintiff's Affidavit of Truth and thus, according to Plaintiff, has not contested his theory that Her Honor is (i) violating her oath; (ii) violating the Federal Rules of Civil Procedure; (iii) engaging in fraud upon the Court; and (iv) failing to report fraud upon the Court. (Rec. Mot. at 13; Am. Rec. Mot. at 16). This argument does not warrant recusal. As the Court made clear in its August 16, 2022 Order, Plaintiff does not have legal entitlement to compel the Undersigned to sign the Affidavit of Truth. (*See* D.E. No. 44).

Second, Plaintiff argues that the Undersigned waited two months before declining to sign Plaintiff's Affidavit of Truth as an act of retaliation against him because he requested a conference with the Clerk of Court to discuss the Clerk's Office's alleged impropriety in the handling of Plaintiff's filings. (Rec. Mot. at 14; Am. Rec. Mot. at 17; D.E. No. 43). This argument does not warrant recusal. While the Court did enter an Order declining to sign Plaintiff's Affidavit of Truth about two months after the affidavit was filed, Plaintiff fails to provide any facts showing that the Court waited to enter a response specifically to retaliate against Plaintiff for requesting the conference. "Such conclusory allegations are not a proper basis for recusal" under either 28 U.S.C. § 455 or 28 U.S.C. § 144. *United States v. Balice*, No. 14-3937, 2018 WL 2357750, at *4–5 (D.N.J. May 23, 2018).

Third, Plaintiff argues the Undersigned (i) "failed to honor the Plaintiff[']s request to conduct a conference or report . . . fraud;" and (ii) "demonstrated a very intimidating posture . . .

8

to 'dismiss' the Plaintiff's lawsuit in order to conceal the 'epic' and 'systemic' fraud" and would "not compel [the Defendants] to file an Answer" to the Second Amended Complaint. (Rec. Mot. at 14–16; Am. Rec. Mot. at 17–19). These arguments do not support recusal. On August 16, 2022, the Court set forth that it would not hold, as Plaintiff requests, a conference with all parties until after it screens Plaintiff's Second Amended Complaint. (D.E. No. 44). Further, rather than indicate that it would dismiss Plaintiff's Second Amended Complaint, the Court indicated on August 12, 2022, that because Plaintiff is proceeding *in forma pauperis*, it would rescreen Plaintiff's Second Amended Complaint, which added several new defendants and claims, to assess sufficiency under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) before the case proceeded. (D.E. No. 42). These orders do not demonstrate impartiality, bias or prejudice, or favoritism or antagonism. *See, e.g.*, *Liteky*, 510 U.S. at 556 (finding that "[a] judge's ordinary efforts at courtroom administration . . . remain immune"). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and are instead "proper grounds for appeal, not for recusal." *Id.* at 555. Thus, "where, as here, a litigant is simply dissatisfied with the District Court's legal rulings," neither § 144 nor § 455 provides a basis for recusal. *Hairston v. Miller*, 646 F. App'x 184, 188 (3d Cir. 2016).

Fourth, Plaintiff argues that the Undersigned has improperly failed to enter default against "the State Defendant," which the Court construes as a reference to DCPP, and that the Undersigned allowed DCPP to proceed in this case "while under default." (Rec. Mot. at 16; Am. Rec. Mot. at 19). This argument does not support recusal. On March 7, 2022, Plaintiff requested that the Clerk of Court enter default against DCPP and Beyer pursuant to Federal Rule of Civil Procedure 55(a) because they failed to answer, move, or otherwise plead in response to Plaintiff's Amended Complaint within the requisite time frame. (D.E. No. 16). On May 2, 2022, before the Clerk of

Court entered default against DCPP or Beyer under Rule 55(a), DCPP and Beyer moved to dismiss Plaintiff's Amended Complaint, requesting that the Court treat their motion as timely. (D.E. No. 23-3 at 9–10). Shortly thereafter, on May 27, 2022, Judge Almonte granted Plaintiff permission to file a Second Amended Complaint, rendering DCPP and Beyer's motion to dismiss moot. (D.E. No. 27). Thus, contrary to Plaintiff's position, the Undersigned did *not* authorize DCPP to proceed while under default because the Clerk of Court did not enter default against DCPP pursuant to Rule 55(a). As such, this argument does not demonstrate that the Undersigned lacks impartiality, has a personal bias or prejudice against Plaintiff, or harbors a deep-seated antagonism that renders fair judgment impossible to warrant recusal under 28 U.S.C. §§ 144, 455(a), or 455(b)(1).

Fifth, Plaintiff argues the Undersigned (i) improperly failed to authorize the Clerk's office to post his opposition to "Defendant's Cross Motion" to vacate the Clerk of Court's entry of default against Defendants Allied Universal, Jones, and Leahy; and (ii) granted "Defendant's Cross Motion" to vacate the Clerk of Court's entry of default even though the Undersigned "never read" Plaintiff's un-filed opposition. (Rec. Mot. at 17–18; Am. Rec. Mot. at 20–21). These arguments do not support recusal. On February 24, 2022, the Clerk of Court entered default against Defendants Allied Universal, Jones, and Leahy. Plaintiff moved for default judgment on February 25, 2022, and Defendants Allied Universal, Jones, and Leahy moved to vacate the Clerk of Court's entry of default on March 7, 2022. (D.E. Nos. 12 & 14). Plaintiff requested an extension to oppose said motion to vacate to April 4, 2022, which was granted. (D.E. Nos. 17 & 18). Nevertheless, Plaintiff did not timely file an opposition, claiming by letter dated April 13, 2022, that due to a clerical mistake, his opposition was not filed on the public docket in error. (D.E. No. 21). On May 24, 2022, the Court granted Defendants Allied Universal, Jones, and Leahy's Cross Motion to vacate the Clerk of Court's entry of default. (D.E. No. 24). Plaintiff appears to argue that the

10

Undersigned declined to post his opposition on the case docket or consider his un-filed opposition in retaliation against Plaintiff for filing the April 13, 2022 letter. (Rec. Mot. at 18; Am. Rec. Mot. at 21). Plaintiff's baseless accusations are unfounded. Further, as the Court explained in its May 24, 2022 Order, the Court granted Defendant's Cross Motion to vacate the Clerk's entry of default because Defendants Allied Universal, Jones, and Leahy were not properly and timely served under Rule 4. (*See* D.E. No. 24 at 4–5). Plaintiff's mere disagreement with an adverse ruling does not establish that the Undersigned had a personal bias or prejudice against Plaintiff, nor does it provide a basis upon which to reasonably question the Undersigned's impartiality. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

Sixth, Plaintiff raises multiple accusations that the Undersigned has not authorized the Clerk to post a number of Plaintiff's filings on the docket—none of which warrant recusal. For example, Plaintiff states that the Undersigned "has not authorized the Clerk's office to post the Plaintiff's 'Second' 'Conflict of Interest Disclosure Form'" directed at Judge Almonte. (Rec. Mot. at 20; Am. Rec. Mot. at 23). Likewise, in Plaintiff's Amended Recusal Motion, Plaintiff adds that after he filed his original Recusal Motion, he filed another "[r]evised" motion for recusal which, as of the date of this filing, was not posted on the public docket. (Am. Rec. Mot. at 25). These accusations amount to mere speculation and do not support recusal. In addition, none of the three letters Plaintiff requests the Court to consider in his First Amended Recusal Motion provide any argument explaining why the Undersigned should be recused.[5] As stated above, Plaintiff's

---

[5] As described above, these letters (i) seek guidance on where to file a complaint against Chief Judge Wolfson, the Undersigned, Judge Almonte, and Clerk of Court William T. Walsh (D.E. No. 51 at 2); (ii) request Chief Judge Wolfson's guidance on where to file a complaint after the Clerk of Court provided Plaintiff with a link to the Third Circuit website in response to the same request (D.E. No. 52 at 2); and (iii) demand the name of the officials who authorized the Clerk of Court to respond to Plaintiff's request by stating that it would be inappropriate for a Judge to communicate with him directly regarding where to file a complaint. (D.E. No. 53 at 2; D.E. No. 53-1 at 1). None of these letters support recusal of the Undersigned or Judge Almonte.

11

unfounded and conclusory allegations do not demonstrate that the Undersigned either lacks impartiality, has a personal bias or prejudice against Plaintiff derived from extrajudicial sources, or harbors a deep-seated antagonism that renders fair judgment impossible to warrant recusal under 28 U.S.C. §§ 144, 455(a), or 455(b)(1).

Seventh, Plaintiff states that the Undersigned should be recused because she obstructed Plaintiff's attempts to expose fraud and conspired "in acts involving judicial and professional misconduct." (Rec. Mot. at 17 & 20; Am. Rec. Mot. at 20 & 23). For example, Plaintiff states that on August 10, 2022, Counsel for Defendants, Allied Universal, Jones, and Leahy sent a clarification letter to the Undersigned seeking guidance on how to respond to Plaintiff's Second Amended Complaint. (Rec. Mot. at 19; Am. Rec. Mot. at 22; D.E. No. 40). Plaintiff states that Counsel for Defendant failed to inform the Court that Plaintiff had "spoken with a [k]ey [w]itness" who "is ready and able to testify and present documents, which . . . prove the Defendants['] case is built on 'epic' and 'systemic' corruption." (Rec. Mot. at 19; Am. Rec. Mot. at 22). Plaintiff argues that the Undersigned "conspired to suppress the above-referenced incriminating facts against the Defendants." (*Id.*). This argument does not warrant recusal. Plaintiff does not provide any support for his claim that the Undersigned suppressed such facts. "Recusal is not required on the grounds of unsupported, irrational, or highly tenuous speculation." *In re Burnett*, 740 F. App'x 235, 236 (3d Cir. Oct. 26, 2018) (citations and quotations omitted).

Accordingly, the Court finds that recusal of the Undersigned is unwarranted under 28 U.S.C. §§ 144, 455(a), or 455(b)(1).

### B. Recusal of Magistrate Judge Almonte

Plaintiff likewise fails to demonstrate that Judge Almonte either lacks impartiality, has a personal bias or prejudice against him derived from extrajudicial sources, or harbors a deep-seated

antagonism that renders fair judgment impossible. First, Plaintiff moves to recuse Judge Almonte because he has refused to sign and return a "Conflict of Interest Disclosure Form" in connection with His Honor's prior position with the U.S. Attorney's Office of New Jersey. (Rec. Mot. at 20; Am. Rec. Mot. 23 & 26). This argument does not warrant recusal and was already addressed by Judge Almonte in His Honor's July 15, 2022 Order denying what His Honor construed to be Plaintiff's initial recusal motion. Consistent with Judge Almonte's reasoning, "a judge's prior government position" cannot "reasonably be deemed to be a basis to question [the judge's] ability to rule impartially." (D.E. No. 37 at 2–3 (quoting *Jaye*, 2016 WL 6471027, at *4)).

Second, Plaintiff moves to recuse Judge Almonte because His Honor, by Order dated May 27, 2022, "denied Plaintiff's 'urgent' request for a conference" explaining that "discovery has not yet begun and, therefore, a conference at this time would be premature." (D.E. No. 28; Rec. Mot. at 22). Plaintiff further argues that had Defendants requested a conference with Judge Almonte, that request would have been granted immediately, but he does not point to any facts to support this assertion. (Rec. Mot. at 22). Plaintiff's mere disagreement with an adverse ruling does not warrant recusal. *See Jacobsen v. Citi Mortg. Inc, (NJ)*, 715 F. App'x 222, 223 (3d Cir. 2018) ("Adverse legal rulings are not proof of prejudice or bias, and are almost never a basis for recusal.") (citation omitted); *see also In re Burnett*, 740 F. App'x at 236 ("Recusal is not required on the grounds of unsupported, irrational, or highly tenuous speculation.").[6]

---

[6] The Court finds that Plaintiff's argument under Canon 3B(6) of the Code of Judicial Conduct for United States Judges is unavailing. Plaintiff cites to Canon 3B(6) which provides that "[p]ublic confidence in the integrity and impartiality of the judiciary is promoted when judges take appropriate action based on reliable information of likely misconduct." Code of Conduct for United States Judges Canon 3(B)(6); (Rec. Mot. at 21). Plaintiff appears to assert that Judge Almonte violated Canon 3B(6) by failing to hold a conference at Plaintiff's request to expose fraud after Plaintiff provided Judge Almonte with a list of actors engaged in fraud. (Rec. Mot. at 21–22). However, Plaintiff has not pointed to any facts that indicate Judge Almonte failed to take appropriate action to address misconduct other than failing to hold a conference at Plaintiff's request. As set forth by Judge Almonte, His Honor declined to hold the conference, in part, because Plaintiff's request was conclusory and did not provide support to show that Defendants were engaged in fraud. (D.E. No. 28).

13

Third, Plaintiff moves to recuse Judge Almonte because he allegedly conspired "in acts involving judicial and professional misconduct" and conspired with Counsel of record to prevent Plaintiff from exposing their "[c]orruption scheme." (Rec. Mot. at 20 & 23; Am. Rec. Mot. at 23). Likewise, in Plaintiff's Amended Recusal Motion, Plaintiff adds that after he filed his Recusal Motion, he allegedly filed another "[r]evised" motion for recusal which, as of the date of this filing, was not posted on the public docket. (Am. Rec. Mot. at 25). Plaintiff asserts that this supports "a pattern and practice" by Judge Almonte to prevent Plaintiff from exposing fraud. (*Id.* at 26). Because Plaintiff's speculative accusations are unfounded, such arguments do not warrant recusal under 28 U.S.C. §§ 144, 455(a), or 455(b)(1).

The rest of Plaintiff's arguments amount to "conclusory allegations" which "are not a proper basis for recusal" under either 28 U.S.C. § 455 or 28 U.S.C. § 144. *Balice*, 2018 WL 2357750, at *4–5. Thus, the Court finds that recusal of Judge Almonte is not warranted under 28 U.S.C. §§ 144, 455(a), or 455(b)(1).[7]

Based on the above, a reasonable person could not find that the Undersigned or Judge Almonte is unable to render a fair and impartial decision or harbors any bias, prejudice, or deep-

---

[7] Though Plaintiff does not explicitly raise an argument under Rule 3.17 of the Code of Judicial Conduct governing the Courts of the State of New Jersey, Plaintiff cites to Rule 3.17 in support of his Motion. (Rec. Mot. at 4; Am. Rec. Mot. at 5). The Court finds that any such argument is unavailing. Rule 3.17 provides in relevant part:
> (B) Judges shall disqualify themselves in proceedings in which their impartiality or the appearance of their impartiality might reasonably be questioned, including but not limited to the following: (1) Personal bias, prejudice, or knowledge. Judges shall disqualify themselves if they have a personal bias or prejudice toward a party or a party's lawyer or have personal knowledge of disputed evidentiary facts involved in the proceeding.

N.J. Code of Judicial Conduct § 3.17(B)(1). However, as discussed above, Plaintiff has presented no evidence of bias, prejudice, or partiality by the Undersigned or Judge Almonte in this case.

Further, in his motion for recusal, Plaintiff appears to argue that judicial immunity is not warranted in this case, stating that judicial immunity does not protect a judge who uses their power for "intentional acts of public defamation inspired by racial prejudice." (Rec. Mot. at 7). Judges are generally "immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9 (1991). Because Plaintiff has not brought a suit against either the Undersigned or Judge Almonte for money damages, the Court does not consider this argument.

14

seated antagonism toward Plaintiff. Finally, Plaintiff's request for leave to "file a comprehensive Motion to Recuse" is denied. (*See* First Am. Rec. Mot. at 2). This Court has already considered Plaintiff's three separate motions for recusal and Plaintiff has not set forth facts to show why a fourth motion would not be futile.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's (i) Recusal Motion, (ii) Amended Recusal Motion, and (iii) First Amended Recusal Motion of the Undersigned and Magistrate Judge Almonte. An appropriate Order accompanies this Opinion.

**Dated:** November 30, 2022                                            */s/ Esther Salas*
                                                                                                 **Esther Salas, U.S.D.J.**